UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SONYA MICHELLE PITTMAN,

    Petitioner,

v.    Case No. 4:21cv361-WS-HTC

WARDEN STRONG,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Sonya Michelle Pittman, a federal inmate at FCI Tallahassee, initiated this matter by filing a petition under 28 U.S.C. § 2241, seeking immediate release because the court that convicted her lacked jurisdiction. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After screening the Petition under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the undersigned respectfully recommends the petition be dismissed for lack of jurisdiction. The relief Petitioner seeks must be sought in a motion under 28 U.S.C. § 2255 in the court of conviction.

I.      BACKGROUND

Petitioner pled guilty to possession of methamphetamine with intent to distribute in the Middle District of Alabama in Case Number 1:14cr510-KKD-01 and was sentenced in 2015 to 240 months. She appealed the judgment, and the Eleventh Circuit affirmed in a written opinion in *United States v. Pittman*, 718 F. App'x 767 (11th Cir. 2017).

Petitioner then filed a habeas petition in the Middle District of Alabama, claiming the government lacked jurisdiction to try her criminal case in the federal courts. *See Pittman v. Dubose*, 1:18-cv-00171-KKD-CSC. The court construed the petition as a § 2255 motion, and Petitioner voluntarily dismissed the action, stating she had filed it in error in the wrong court. Despite dismissing that action, Petitioner subsequently filed a second § 2255 motion. *See Pittman v. United States*, 1:18-cv-00458-KKD-CSC. That motion was denied on the merits.

Petitioner delivered the instant § 2241 petition to prison officials on August 25, 2021, ECF Doc. 1 at 6. She raises two arguments. First, she argues the court of conviction has no jurisdiction over her because 21 U.S.C. § 841 applies to persons (it begins: "it shall be unlawful for any person knowingly or intentionally", etc.), and according to Petitioner, "In 1862 Congress changed the word 'person' to mean 'corporation' so in ALL legalese from 1862 to date, the word 'person' means 'corporation' in ALL Acts of Congress, which has never been changed or

deleted." (citing 37th Congress. Second Session, Chapter 49 Section 68.)  Petitioner further avers, "she is NOT a 'corporation', 'person' or 'artificial entity' of any kind, nor is she a 'United States' as described in Title 28 U.S.C. section 3002(15)(A)(B)(C)."  Thus, she is not covered by the statute.  She offers no legal support for this argument.

Her second argument is that the drug laws represent an unlawful attempt by the federal government to exercise police power because it exceeded the power conveyed by the commerce clause.  Therefore, the court that convicted her had no jurisdiction to do so and she must be immediately released.  She relies upon *United States v. Lopez,* 514 U.S. 549 (1995) in which the Supreme Court held that Gun-Free School Zones Act exceeded Congress' commerce clause authority, since possession of gun in local school zone was not economic activity that substantially affected interstate commerce.[1]

## II.   LEGAL STANDARDS

Under Habeas Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] While the Court declines to decide this case on the merits, the Court notes that the application of *Lopez* to even purely local drug crimes under 21 U.S.C. § 841 has been explicitly rejected by the Supreme Court and Eleventh Circuit. *Gonzales v. Raich*, 545 U.S. 1, 9 (2005) (holding the Controlled Substances Act is a proper exercise of Congress' authority to regulate interstate commerce even as applied to home-grown and consumed marijuana); *United States v. Wilson*, 238 F. App'x 571, 572–73 (11th Cir. 2007) (holding by enacting the Controlled Substances Act, Congress did not exceed its authority under the Commerce Clause).

Case No.: 4:21cv361-WS-HTC

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Consistent with that authority, courts may *sua sponte* dismiss a habeas petition if the parties are afforded "notice of [the] decision and an opportunity to be heard in opposition." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654-55 (11th Cir. 2020) (holding that Petitioner was given "ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed"). Similarly, the Supreme Court has approved a federal court's authority to *sua sponte* dismiss habeas petitions if the Court has given "the parties fair notice and an opportunity to present their positions." *See Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006).

## III.  DISCUSSION

One reason for dismissal is a lack of jurisdiction to entertain the petition because it must be brought under § 2255 in the court of conviction rather than by a § 2241 petition in the district of confinement. This is a threshold jurisdictional question. *McDowell v. Warden, Coleman-Medium*, 694 F. App'x 692, 693–94, *cert. denied*, 138 S.Ct. 343 (Oct. 10, 2017) (holding that whether a federal district court

lacks jurisdiction under §2255(e) is a threshold question which the Court must consider before attempting to reach the merits of a § 2241 petition.).

Petitioner's claims do not fall under § 2241. Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See Antonelli v. Warden, USP Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Those are not the claims Petitioner has brought.

Instead, Petitioner seeks to collaterally attack the validity of a federal conviction and sentence. That claim is one properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is the primary method of collateral attack on a federally imposed sentence); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241). A defendant may not circumvent the procedural limitations on

§ 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) limits the jurisdiction of district courts to entertain § 2241 petitions that involve claims that could have brought (or have been brought and rejected) in a motion under § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner's claims fit within this language in § 2255. In her Petition, Petitioner is claiming the right to be released because "the court was without jurisdiction" to impose her judgment and sentence. ECF Doc. 1 at 2. As a result, she was authorized to seek relief under the language of § 2255(a), which expressly applies to claims "that the court was without jurisdiction to impose such sentence." Consequently, Section 2255(e) mandates she seek such relief by a motion under section 2255, not a habeas petition.

Thus, this Court is barred from entertaining the habeas petition unless Petitioner can meet the so-called "saving clause" at the end of § 2255(e). That exception, however, has been greatly restricted in application by the Eleventh Circuit in *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1088 (11th Cir. 2017) and is limited to (1) challenges to the execution of his sentence, such as

the deprivation of good-time credits or parole determinations; (2) situations where the sentencing court is unavailable [such as when the sentencing court no longer exists]; or (3) situations such as multiple sentencing courts which might prevent a prisoner from filing a motion to vacate. *Id.* at 1092-93. "But only in those kinds of limited circumstances is [the remedy by § 2255 motion] inadequate or ineffective to test the legality of [Petitioner's] detention." *McCarthan*, 851 F.3d at 1092–93 (internal citations and quotation marks omitted). None of these circumstances are present in this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241, challenging the conviction in *United States v. Pittman*, 1:14cr510-KKD-01 (M.D. Ala.), ECF Doc. 1, be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of October, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal</u>

Case No.: 4:21cv361-WS-HTC

use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.